JONES, JUDGE:
The claimant, William Manuel Long, is the owner of a tract of land situate on Route 60/20 in Greenbrier County, a 0.03-acre parcel of which was purchased by the respondent, Department of Highways, for purposes of the construction of Interstate Highway 1-64. The claimant and his wife executed an option to sell said parcel of land to the respondent under date of October 27, 1966, and on May 23, 1967, they executed a deed for said land for a consideration of $200.00. In both the option and deed the grantors released the respondent from any damages to the residue of their land, the recital in the deed being as follows:
“And for the consideration hereinbefore set forth the said parties of the first part do hereby release the party of the second part from any and all claims for damages that may be occasioned to the residue of the lands of the parties of the first part by reason of the construction and maintenance of a State Road over, upon and under the tract or parcel of land herein conveyed.”
1-64 was constructed, and abutting the residue of the claimant’s land is a fill 38 feet high, the toe of which is close to the claimant’s *211 property line. Surface water draining from the highway and slope of the fill caused considerable damage to the claimant’s land in the year 1970. Thereafter, the respondent constructed an asphalt ditch along the highway which diverted water from the pavement away from the claimant’s property, but the water draining from the slope of the fill continued to drain upon the claimant’s property with damaging effect. The claimant asks $3,560.00 to build approximately 200 feet of French drain along the base of the fill, with concrete gutter, for the purpose of diverting the slope drainage, and $1,740.00 for damages to his house, yard and garden, a total of $5,300.00.
In Evans v. Department of Highways, 8 Court of Claims 227, Judge Ducker wrote in the Court’s opinion as follows:
“While this Court has considerable sympathy for the claimants, it is forced to adhere to the law in such cases, and where the parties have executed formal options and deeds containing releases of the claims now asserted, this Court must abide by the provisions of such releases unless fraud or other illegality in regard thereto is shown.”
There being no showing of fraud or other illegality, this statement is precisely applicable and is decisive in this case.
The respondent’s motion to dismiss this claim asserts the additional reason that the claimant has an adequate remedy at law through eminent domain. While it is not necessary to decide this question, it seems clear that, if there had been no release, the continuing and permanent nature of the damages to real estate existing in this case would invoke the right of the property owner to have condemnation proceedings instituted, thereby eliminating the jurisdiction of this Court.
Accordingly, the Court is of opinion to and does hereby disallow this claim.
Claim disallowed.